(38 Misc. Rep. 660.)

PEOPLE ex rel. SANFILIPPO v. NEW YORK CATHOLIC PROTECTORY.

(Supreme Court, Special Term, New York County.    September, 1902.)

1. CRIMINAL LAW—CONVICTION OF MINOR—PLACE OF CONFINEMENT.
    Where a child under 16 years is duly convicted in the city of New York of petit larceny, he must, under Pen. Code, § 713, providing that a child under 16 committed for a misdemeanor must be committed to some reformatory authorized by law to receive minors, be committed to an institution of the character above stated, and he is not within the other provisions of said section enacting that a person under 16, convicted of a crime, may be placed in charge of any suitable person or institution willing to receive him.

Habeas corpus proceedings by the people, on the relation of Tony Sanfilippo, against the New York Catholic Protectory. Writ dismissed.

A. J. Oishei, for relator.
Joseph T. Ryan, for respondent.

CLARKE, J. Proceedings on writ of habeas corpus. Relator's son, a boy under 16, was sentenced by the recorder, on his confession, upon his trial at general sessions, of the crime of petit larceny, "to be sent to the New York Catholic Protectory, to be dealt with according to law." Section 713 of the Penal Code provides: "When a person under the age of sixteen is convicted of a crime, he may, in the discretion of the court, instead of being sentenced to fine or imprisonment, be placed in charge of any suitable person or institution willing to receive him, and be thereafter, until majority or for a shorter term, subjected to such discipline and control," etc. The same section further provides: "A child under sixteen years of age committed for misdemeanor, under any provision of this Code, must be committed to some reformatory, charitable or other institution authorized by law to receive and take charge of minors." Hence it follows that a child under 16, convicted of a felony, may, in the discretion of the court, instead of being sentenced to a fine or imprisonment, be placed in charge of a suitable person or institution until majority, or for a shorter term; but in case of conviction for a misdemeanor he must be committed to some reformatory, charitable or other institution authorized by law to receive and take charge of minors. The protectory is such an institution. Relator's son was duly convicted of a misdemeanor, to wit, petit larceny. The court had jurisdiction of the person and the crime. The sentence was required by the law. "The statute to which reference has been made provided a mode of treatment of the child by the court and institution for the good of the public and the protection and benefit of the child. * * * Such legislation has existed for many years, and received the approval of judges and courts. * * * We think the legislation was adopted in good faith for the purpose of protecting the public, as well as for the purpose of saving such children from profligacy and crime, and that it is valid." People v. Masten, 79 Hun, 583, 29 N. Y. Supp. 894.

Writ dismissed, and relator's son remanded.